UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAN GORDON | ) | |
| | ) | **Case Number** |
| **Plaintiff** | ) | |
| | ) | |
| vs. | ) | **CIVIL COMPLAINT** |
| | ) | |
| NIAGARA CREDIT SOLUTIONS, INC. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant** | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Jan Gordon, by and through her undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Jan Gordon, is an adult natural person and he brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that Plaintiff resides in this District.

### III.  PARTIES

4. Plaintiff, Jan Gordon, (hereafter, Plaintiff) is an adult natural person residing at 7912 River Road, Apartment 604, North Bergen, New Jersey 07047.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Niagara Credit Solutions, Inc. (hereafter, Defendant), at all times relevant hereto, is and was a national collection agency engaged in the business of collecting debt within the State of New Jersey and the State of New York with an office located at 420 Lawrence Bell Drive, Suite #2, Williamsville, New York 14221-7820.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7. Over the last several months, Plaintiff has been receiving calls from Defendant's agent, "Anne Caveliri", attempting to collect on an alleged debt said to be owed on a past due Chase account.

8. Plaintiff was informed that she had defaulted on the alleged debt sometime in 2005.

9. During a recent call, Defendant's agent, "Anne Caveliri", falsely informed the Plaintiff that there was already a judgment against her.

10. The Plaintiff stated that she had never been sued and was certain that there was no judgment.

11. "Anne Caveliri", quickly changed her story, stating that the judgment was actually still pending.

12. Plaintiff was then warned that she had just seven (7) days to make payment or the Defendant would obtain said judgment against her.

13. Plaintiff is said to owe a balance of approximately $2,501.14.

14. During this same call, the Plaintiff was offered the chance to settle the account for $1,000.00, but only if she paid the settlement amount in full that same day.

15. At that time, Plaintiff inquired about the debt having defaulted almost eight (8) years ago and now being long past the statue of limitations.

16. Defendant's agent, "Anne Caveliri", became angry and demanded to know why the Plaintiff was trying to get out of paying her bills.

17. "Anne Caveliri", went on to erroneously inform the Plaintiff that the statute of limitations in New Jersey was seven (7) years when in fact it is six (6) years.

18. Plaintiff told Defendant's agent that she had an attorney and that she would like to call and seek his advice before agreeing to any payment arrangements.

19. Defendant's agent replied that the Plaintiff had until Tuesday, May 28, 2013 at 9 o'clock pm to set up payment arrangement or the Defendant would get a judgment against her.

20. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

21. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, the Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

22. At all times pertinent hereto, the Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

23. At all times pertinent hereto, the conduct of the Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

24. The above paragraphs are hereby incorporated herein by reference.

25. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

26. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

        §§ 1692d:    Any conduct the natural consequence of which is to harass, oppress, or abuse any person

        §§ 1692d(5):    Caused the phone to ring or engaged any person in telephone conversations repeatedly

|  |  |
|---|---|
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(5): | Threaten to take any action that cannot legally be taken or that is not intended to be taken |
| §§ 1692e(10): | Any false representation or deceptive means to obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Niagara Credit Solutions, Inc., for the following:

a.   Actual damages;

b.   Statutory damages pursuant to 15 U.S.C. § 1692k;

c.   Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.   Such additional and further relief as may be appropriate or that the interests of justice require.

d.   Such additional and further relief as may be appropriate or that the interests of justice require.

## V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

                                      **Respectfully submitted,**

                                      **VULLINGS LAW GROUP, LLC**

**Date: May 29, 2013**

                                      **BY:** _/s/ Brent F. Vullings_
                                      Brent F. Vullings, Esquire
                                      3953 Ridge Pike
                                      Suite 102
                                      Collegeville, PA 19426
                                      P: 610-489-6060
                                      F: 610-489-1997
                                      Attorney for Plaintiff